# 25-1666

In the United States Court of Appeals
for the Second Circuit

JONATHAN LALEWICZ,

*Plaintiff-Appellee,*

v.

WARNERMEDIA DIRECT, LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Southern District of New York, No. 1:24-cv-06173-JMF,
Hon. Jesse M. Furman, *United States District Judge*

**WARNERMEDIA DIRECT, LLC'S REPLY BRIEF**

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Sherry Maria Tanious
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Sylvia O. Tsakos
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Defendant-Appellant WarnerMedia Direct, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................. 1

ARGUMENT ..................................................................................... 5

I.  The district court should have denied Lalewicz's motion to remand and should have compelled arbitration because the small claims court carveout preserves the right to remove and compel arbitration. ....................................................................... 5

    A.  Text, context, and the clear statement rule for contractual waivers all make clear that the small claims carveout preserves the right to remove or appeal small claims court actions and to compel arbitration. .................................... 5

    B.  Lalewicz's counterarguments lack merit. ...................... 8

        1.  Lalewicz incorrectly asserts that the "so long as" clause bars parties from removing to federal court or appealing—to the contrary, it expressly recognizes that the parties may have such options. ........... 9

        2.  The small claims court carveout doesn't clearly and unequivocally waive the right to remove. ......................... 16

        3.  Lalewicz's argument that only his reading makes policy sense lacks merit because the Terms implement the reasonable choice to opt for the benefits of arbitration. ........................................... 19

        4.  Lalewicz's *contra proferentem* argument lacks merit. ........ 23

    C.  WarnerMedia was entitled to remove Lalewicz's VPPA action to federal court, and then move to compel arbitration, under the small claims court carveout. .................... 24

# TABLE OF CONTENTS
(continued)

**Page**

II.    Under the 2023 Terms, Lalewicz must arbitrate before NAM.............24

      A.    Lalewicz agreed in 2023 to the updated Terms, which require arbitration before NAM.....................................................25

      B.    Lalewicz's counterarguments are meritless. ...............................25

III.   Alternatively, the case should be dismissed because Lalewicz's notice of dispute failed to meet the requirements in § 5.4(b) of the 2023 Terms...............................................................................31

CONCLUSION ............................................................................................33

CERTIFICATE OF COMPLIANCE .............................................................35

CERTIFICATE OF SERVICE ......................................................................36

INDEX OF ADDENDUM ............................................................................38

ADDENDUM..........................................................................................Add. 1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brooks v. WarnerMedia Direct, LLC,*
   23 Civ. 11030, 2024 WL 3330305 (S.D.N.Y. July 8, 2024).............................28

*Brooks v. WarnerMedia Direct, LLC,*
   23 Civ. 11030, 2025 WL 3073839 (S.D.N.Y. Nov. 4, 2025) .................... 27, 28

*Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co.,*
   773 F.3d 110 (2d Cir. 2014) ............................................... 6, 9, 10, 15

*City of New Orleans v. Municipal Administrative Services, Inc.,*
   376 F.3d 501 (5th Cir. 2004) ................................................ 7, 16, 17

*Dasher v. RBC Bank (USA),*
   882 F.3d 1017 (11th Cir. 2018) ................................................ 28, 29

*Duraku v. Tishman Speyer Properties, Inc.,*
   714 F. Supp. 2d 470 (S.D.N.Y. 2010) ........................................ 29, 30

*Edmundson v. Klarna, Inc.,*
   85 F.4th 695 (2d Cir. 2023) ......................................................25

*Frankford Crossing Shopping Center Dallas,*
*Texas Ltd. v. Pho Partners, LLC,*
   942 F. Supp. 2d 366 (W.D.N.Y. 2013)........................................ 17, 18

*Gulf Coast Pharmaceuticals Plus, L.L.C. v. RFT Consulting, Inc.,*
   152 F.4th 615 (5th Cir. 2025)......................................................8

*Heckman v. LiveNation Entertainment, Inc.,*
   120 F.4th 670 (9th Cir. 2024)....................................................29

*International Code Council, Inc. v. UpCodes Inc.,*
   43 F.4th 46 (2d Cir. 2022) ................................................... 25, 26

*Jenkins v. First American Cash Advance of Georgia, LLC,*
   400 F.3d 868 (11th Cir. 2005)....................................................19

*JP Morgan Chase Bank, N.A. v. Reijtenbagh,*
   611 F. Supp. 2d 389 (S.D.N.Y. 2009)........................................ 17, 18

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Ken Smith Auto Parts v. Thomas,*
  599 S.W.3d 555 (Tenn. 2020) ...............................................................20

*Lamps Plus, Inc. v. Varela,*
  587 U.S. 176 (2019) ................................................................... 20, 23

*LeClair v. Tavenner,*
  128 F.4th 257 (4th Cir. 2025) ..............................................................6

*Northville Industries Corp. v. Fort Neck Oil Terminals Corp.,*
  474 N.Y.S.2d 122 (App. Div. 1984) ............................................. 26, 27

*Peter Scalamandre & Sons, Inc. v. FC 80 Dekalb Associates,*
  12 N.Y.S.3d 133 (App. Div. 2015) .......................................................32

*Pilon v. Discovery Communications, LLC,*
  769 F. Supp. 3d 273 (S.D.N.Y. 2025) ........................................... 29, 30

*Plazza v. Airbnb, Inc.,*
  289 F. Supp. 3d 537 (S.D.N.Y. 2018) ........................................... 29, 30

*Rabinowitz v. Kelman,*
  75 F.4th 73 (2d Cir. 2023) ..................................................................17

*Register.com, Inc. v. Verio, Inc.,*
  356 F.3d 393 (2d Cir. 2004) ...............................................................28

*Reiss v. Financial Performance Corp.,*
  764 N.E.2d 958 (N.Y. 2001) ................................................................11

*Russell v. Citigroup, Inc.,*
  748 F.3d 677 (6th Cir. 2014) ..............................................................29

*Transatlantic Lines LLC v. Amergent Technologies, LLC,*
  186 F. Supp. 3d 223 (D. Conn. 2016) ..................................................30

*United States v. Dion,*
  37 F.4th 31 (1st Cir. 2022) ...................................................................6

*Walker v. Modern Realty of Missouri, Inc.,*
  675 F.2d 1002 (8th Cir. 1982) ............................................................10

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Xi Mei Jia v. Intelli-Tec Security Services, Inc.*,
   981 N.Y.S.2d 79 (App. Div. 2014) ................................................27

*Yakin v. Tyler Hill Corp.*,
   566 F.3d 72 (2d Cir. 2009) ........................................ 18, 23

**STATUTES**

Federal Arbitration Act,
   9 U.S.C. § 4 ...................................................... 24, 30

Video Privacy Protection Act of 1988,
   18 U.S.C. § 2710 *et seq.* ................................ 1, 5, 24, 31

28 U.S.C. § 1331 ....................................................24

28 U.S.C. § 1441(a) .................................................24

Ala. Code § 12-12-31(a) .............................................20

Ala. Code § 12-12-71 ................................................20

Conn. Gen. Stat. § 52-263 ...........................................21

Conn. Gen. Stat. § 52-549a ..........................................21

Kan. Stat. Ann. § 61-2709 ...........................................20

Tenn. Code Ann. § 27-5-108(c) .......................................20

**OTHER AUTHORITIES**

*Optional Appellate Arbitration Rules*, AAA,
   https://www.adr.org/media/1gmnooai/
   optional-appellate-arbitration-rules.pdf
   (last visited Feb. 4, 2026) ......................................21

*Black's Law Dictionary* (12th ed. 2024) ..............................13

*Optional Arbitration Appeal Procedures*, JAMS,
   https://www.jamsadr.com/appeal
   (last visited Feb. 4, 2026) ......................................21

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Merriam-Webster,*
   https://www.merriam-webster.com/
   dictionary (last visited Feb. 4, 2026) ..........................................................6, 13

*Terms of Service*, NHL, § 18,
   https://www.nhl.com/info/
   terms-of-service (last updated Oct. 29, 2025) ...............................................11

14C Charles A. Wright & Arthur R. Miller,
   *Federal Practice & Procedure* § 3721
   (4th ed. updated Sep. 2025)............................................................................7

# INTRODUCTION

WarnerMedia was entitled to remove Lalewicz's small claims court case, which asserts a single claim under the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710 *et seq.*, and to compel arbitration. Lalewicz and WarnerMedia agreed "to resolve [covered disputes] through binding arbitration or small claims court instead of in courts of general jurisdiction." JA234, JA282, JA307. They further agreed that "either party may elect to have claims heard in small claims court seeking only individualized relief, so long as the action is not removed or appealed to a court of general jurisdiction." JA283-JA284, JA308; *see* JA235. That "so long as" clause preserves the parties' right to remove or appeal actions brought in small claims court and to compel arbitration, as the ordinary meaning of "so long as" and its context make clear. "So long as" indicates that a contractual condition limits a preceding contractual right—here, the right to be heard in small claims court. That reading follows from the words' literal language: A party can choose to "have claims heard in small claims court" *for as long as* the action isn't removed or appealed. JA283-JA284, JA308. If it is, it can be heard in small claims court no longer, and must instead go to arbitration. But there's no

temporal problem, contrary to Lalewicz's assertion. The action is "heard" in small claims court up to the moment it isn't.

In response, Lalewicz rehashes the district court's flawed reasoning and fails to meaningfully respond to the problems WarnerMedia identified with his interpretation. Lalewicz contends that the "so long as" clause waives the parties' right to remove or appeal, and is thus a prior restriction on the parties' right to proceed in small claims court. Once a party sues in small claims court, Lalewicz says, no party can remove the action or appeal. He relies on the notion that the parties must have waived their right to remove or appeal, because the parties agreed to resolve covered disputes in either small claims court or arbitration, not in courts of general jurisdiction, and because once a party "elects" to be heard in small claims court, a later removal or appeal can't undo that choice. And, Lalewicz contends, it would be unreasonable for the parties to agree that they can remove or appeal from small claims court and then compel arbitration.

That argument rewrites the contract. It ignores both ordinary meaning and context, which make clear that the parties have a right to be heard in small claims court until a party removes or appeals, at which point the dispute goes to arbitration. There's no temporal mismatch with that reading.

When a party elects to have a claim heard in small claims court, a later removal or appeal *does* invalidate that choice, because it means the small claims court no longer will hear that claim. And as WarnerMedia explained, waiver of the right to remove or appeal must be clear—and the language here cannot satisfy that clear statement rule. Waiver would have been easy to accomplish—after all, the Terms elsewhere made pellucidly clear that the parties "waiv[e] the right to a trial by jury." JA284. What's more, and contrary to Lalewicz's assertion, WarnerMedia's reading is consistent with the parties' agreement to resolve disputes in small claims court or arbitration. That's because removal or appeal, by design, leads to arbitration—if necessary, as here, through a motion to compel. Removal or appeal will never result in a court of general jurisdiction's resolving the merits of the dispute.

That reading of the small claims carveout follows from its plain language and makes sense. It is reasonable to provide that actions that originate in small claims court and present federal claims—like Lalewicz's—should, if removed, be resolved not in full-blown judicial proceedings, but in arbitration, where arbitrators often also have experience with federal claims. It also makes sense to afford further process after small claims court by permitting appeal, and to channel that further process into individualized

arbitration, which typically is less expensive and more efficient than appeals in court. Indeed, some jurisdictions, like Tennessee and Alabama, provide for de novo review of small claims court decisions. Channeling any appeal to arbitration permits the arbitral tribunal to review the small claims court's decision under the same standard of review that an appellate court in that jurisdiction would apply, all while operating more efficiently than the typical appellate court. Meanwhile, some jurisdictions, like Connecticut, do not provide for appeal from a small claims court decision—in which case the small claims carveout sensibly contemplates efficiency by making the small claims court decision final, absent removal.

The district court's decision to remand to small claims court was incorrect, and Lalewicz's arguments defending that decision lack merit. Although the district court didn't decide the issue, the record shows that the 2023 Terms apply. The Court should thus reverse the district court's remand order and remand with (a) instructions to compel arbitration before National Arbitration and Mediation (NAM) under the 2023 Terms, or (b) instructions to address WarnerMedia's motion to compel arbitration and decide which terms apply.

## ARGUMENT

**I.    The district court should have denied Lalewicz's motion to remand and should have compelled arbitration because the small claims court carveout preserves the right to remove and compel arbitration.**

Under the small claims court carveout in the November 2022 Terms and the materially identical small claims carveout in the May 2023 Terms, WarnerMedia was entitled to remove Lalewicz's VPPA action to federal court and thus to compel arbitration. Lalewicz's contrary argument—that the carveout *waives* the parties' right to remove—is wrong.

### A.    Text, context, and the clear statement rule for contractual waivers all make clear that the small claims carveout preserves the right to remove or appeal small claims court actions and to compel arbitration.

The small claims court carveout provides that "either party may elect to have claims heard in small claims court seeking only individualized relief, so long as the action is not removed or appealed to a court of general juris-diction." JA283-JA284, JA308. That language preserves the right to remove or appeal small claims court actions and then to compel arbitration.

**1.**    Text and context make clear that the small claims carveout pre-serves the right to remove or appeal small claims court actions, and that exercising that right puts the dispute back in the default dispute-resolution

- 5 -

venue—arbitration. Opening Br. 31-39. The ordinary meaning of "so long as" is "provided that," and those words limit a contractual right or duty. *See Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co.*, 773 F.3d 110, 115 (2d Cir. 2014); *LeClair v. Tavenner*, 128 F.4th 257, 263-64 (4th Cir. 2025); *United States v. Dion*, 37 F.4th 31, 37 (1st Cir. 2022).

Here, the relevant right is the right to be heard in small claims court. The "so long as" clause thus limits that right by making clear that it exists and continues only "so long as" no party removes or appeals the small claims court action. That understanding closely tracks the literal meaning of "so long as"—"during and up to the end of the time that: while." *So long as*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/so%20long%20as (last visited Feb. 4, 2026). The small claims carveout's text expressly contemplates that either party may choose to have a claim heard in small claims court, but only while a party doesn't remove or appeal the action. When a party removes or appeals, the parties agree to resolve the dispute through arbitration instead.

The use of "so long as" in § 5.4(i) of the May 2023 Terms confirms that reading. JA289-JA290. There, "so long as" means "provided that," and it limits a contractual right to have limitations periods and filing fee deadlines

tolled: the right is extinguished if it turns out that the plaintiff's pre-arbitration notice didn't meet the requirements in § 5.4(b). Opening Br. 38-39. The "so long as" clause in the small claims carveout likewise limits the right to proceed in small claims court if a party removes or appeals the action.

**2.** The principle that contractual waivers of the right to remove must be clear and unequivocal reinforces that reading. Opening Br. 39-42; *see City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); 14C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3721 (4th ed. updated Sep. 2025). A waiver of the right to remove is clear and unequivocal when the contract "explicitly stat[es]" that the parties are waiving their right; when the contract gives one party the right to choose the state court venue; or when the contract establishes state court as the "exclusive venue." *New Orleans*, 376 F.3d at 504. The 2023 Terms do none of those things.

Here, the carveout lacks any clearly worded waiver of the parties' right to remove actions from small claims court to federal court. Instead, as explained (Br. 31-39), the "so long as" clause *preserves* that right. By contrast, when the Terms contain a waiver of an important right, the waiver is express. For example, two sentences after the small claims carveout, the

agreement provides that the parties are "waiving the right to a trial by jury." JA284. The small claims carveout's "so long as" clause contains no such language referring to the right to remove or appeal. Nor do the Terms give only the subscriber the right to choose the venue, because either WarnerMedia *or* the subscriber could bring a claim in small claims court *or* arbitration. *See* JA189-JA190, JA283, JA308. What's more, § 5.10 expressly states that certain issues "shall be brought in the appropriate state or federal court located in New York County, New York." JA253, JA295, JA311. That makes clear that the Terms do *not* establish small claims court as the exclusive venue for disputes, because it "specifically contemplate[s]" a federal forum. *Gulf Coast Pharmaceuticals Plus, L.L.C. v. RFT Consulting, Inc.*, 152 F.4th 615, 617 (5th Cir. 2025). For all these reasons, even assuming there is some ambiguity in what the small claims carveout's "so long as" language means, it *cannot* mean what Lalewicz claims—that it waives the right to remove or appeal.

### B. Lalewicz's counterarguments lack merit.

Lalewicz doesn't dispute that "so long as" means "provided that." Instead, he argues that the "so long as" clause is a prior restriction that the parties accept if they elect to be heard in small claims court. He claims to

invoke context, arguing that the parties have agreed to resolve covered disputes in either small claims court or arbitration, not in courts of general jurisdiction. But Lalewicz's argument ignores both ordinary meaning and context, which make clear that the parties have a right to be heard in small claims court up until the time that a party removes or appeals the case. That reading aligns with the parties' agreement to resolve disputes in either small claims court or arbitration, because when a party removes or appeals, it is entitled to compel arbitration for final resolution of the merits of the dispute.

1. **Lalewicz incorrectly asserts that the "so long as" clause bars parties from removing to federal court or appealing—to the contrary, it expressly recognizes that the parties may have such options.**

a. Lalewicz claims that the "so long as" clause is "a prior agreed-upon restriction on the parties' right to proceed in small claims court," and that it reflects an agreement that the parties won't remove or appeal. Br. 28-29. That argument fails.

*First*, Lalewicz's interpretation ignores a basic rule of contract interpretation: "[W]hen a proposition is followed by a clause beginning with 'so long as,' the 'so long as' clause typically serves as a … condition that narrows the broader initial proposition." *Chesapeake Energy*, 773 F.3d at 115. In Lalewicz's

view, the "so long as" clause doesn't limit the right to have claims heard in small claims court. Instead, under his view, the "so long as" clause *expands* the right to have claims heard in small claims court, by making that right unconditional. But as explained, the initial, broad proposition is that "either party may elect to have claims heard in small claims court." And the right to have such claims heard in small claims court is limited: it exists only if "the action is not removed or appealed to a court of general jurisdiction." The right to be heard in small claims court thus "necessarily ceases," *Walker v. Modern Realty of Missouri, Inc.*, 675 F.2d 1002, 1003 (8th Cir. 1982), when one party "remove[s] or appeal[s] to a court of general jurisdiction." That is the only reading that gives effect to the "so long as" clause as a condition narrowing the earlier, broader proposition. And it is the only reading that gives the "so long as" clause its natural, ordinary meaning. If the drafters wanted to prohibit removal or appeal—as Lalewicz claims—they would have simply written that neither party may remove or appeal.

Lalewicz's own resort to dictionaries backfires. Lalewicz observes that "so long as" means "during and up to the end of the time that: while." Br. 31 (quoting Merriam-Webster). Exactly so, and it proves that *WarnerMedia's* reading is correct. With that definition swapped in, the carveout says that

- 10 -

"either party may elect to have claims heard in small claims court seeking only individualized relief, while the action is not removed or appealed to a court of general jurisdiction," or "during and up until the end of the time that the action is not removed or appealed." In other words, a party can choose to proceed in small claims court *up to the time* of removal or appeal—at which time the right to proceed in small claims court expires.

*Second*, Lalewicz's interpretation isn't an interpretation at all—rather, it rewrites the agreement. *See Reiss v. Financial Performance Corp.*, 764 N.E.2d 958, 961 (N.Y. 2001). Again, if the small claims court carveout prohibited a party from removing or appealing cases filed in small claims court, it could have said that the parties "may not remove or appeal any case filed in small claims court." In fact, other provisions use language like "may not" when making clear that parties are forbidden from taking certain actions. JA293, JA310. Other consumer contracts likewise specify that disputes brought in small claims court "must remain [there] and may not be removed or appealed to a court of general jurisdiction." *Terms of Service*, NHL, § 18, https://www.nhl.com/info/terms-of-service (last updated Oct. 29, 2025). Lalewicz doesn't engage with the small claims carveout's use of different language—"so long as"—bearing a different meaning.

- 11 -

**b.** Lalewicz asserts (Br. 35-36) that the "so long as" clause must be read to bar removal, because the arbitration agreement also says that the parties "agree to resolve the dispute through binding arbitration or small claims court instead of in courts of general jurisdiction." JA234, JA282, JA307. But that observation doesn't support Lalewicz's interpretation. Rather, it confirms that the "so long as" clause *preserves* the right to remove: Removing the case to federal court or appealing extinguishes the right to sue in small claims court, meaning the case must go to arbitration. That's a path to arbitration, not an "end run around" it, Response Br. 36.

**c.** Lalewicz claims (Br. 36-37 & 37 n.4) that the "so long as" clause must be a prior, agreed-upon restriction on removal and appeal, rather than a revocation of the right to proceed in small claims court, because once a plaintiff brings a case in small claims court, or elects to have a claim heard there, it is impossible for removal or an appeal to undo those actions. That reading doesn't work.

Under the carveout, a party can "bring an action in small claims court," as the earlier Terms provide, SA11; JA91, JA142, JA189-JA190, or "elect to have claims heard in small claims court," as the 2023 Terms provide, JA283,

JA308. Either way, the small claims court hears the claim until the proceedings before it conclude. But removing the case to federal court undoes that choice, because it means the small claims court no longer will hear that claim. The same goes for an appeal. The small claims court might have decided the case in the first instance, but once the case is appealed, the small claims court no longer hears the appeal, and the case instead must go to arbitration.

The district court (SA11) and Lalewicz (Br. 36-37) nonetheless fixate on the word "bring." But their arguments miss the point that the right to go to small claims court isn't just the right to *file* the action, but also to *pursue* it. Indeed, to "bring an action" means to "sue," *Bring an action*, *Black's Law Dictionary* (12th ed. 2024), and suing includes "proceed[ing] with and follow[ing] up (a legal action) to proper termination," *Sue*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/sue (last visited Feb. 4, 2026). There is no reason to read the phrase "bring an action in small claims court" to convert the removal-or-appeal condition into a removal-or-appeal prohibition, especially when the 2023 Terms no longer contain that phrase but instead clarify that the right is a continuous right "to have claims heard in small claims court."

**d.**     Lalewicz claims (Br. 41-43) that the "so long as" clause in § 5.4(i) of the 2023 Terms supports his argument. But his argument makes no sense.

Section 5.4(i) provides that "[a]ny applicable limitations period … and any filing fee deadlines shall be tolled beginning when the Pre-Arbitration Notice and Informal Dispute Resolution Procedures are initiated, so long as the pre-arbitration Notice complies with the requirements in Subsection 5.4(b)." JA289. Lalewicz claims that for "so long as" to have the same meaning in Section 5.4(i) and the small claims exception, the tolling in Section 5.4(i) must be "cut off by a *subsequent* failure to provide notice." Br. 42. That is incorrect. The condition in Section 5.4(i) is that the notice complies with Section 5.4(b)—a condition assessable at the time the notice is tendered. If the notice isn't compliant, Section 5.4(i)'s treatment—tolling—doesn't apply. Although removal and appeal both necessarily happen *after* an action is filed, the logic is the same: If neither removal nor appeal occurs, small claims court treatment applies; if either occurs, it triggers arbitration instead. "So long as" thus means the same thing in both provisions. Under both provisions, failing to satisfy the condition (for Section 5.4(i), proper notice; for the small claims carveout, refraining from removal or appeal) means the clause's

treatment (for Section 5.4(i), tolling; for the small claims carveout, proceeding in small claims court) doesn't govern.

The "so long as" clause in *Chesapeake Energy* served the same function. *Contra* Response Br. 43-44. There, the company's right to exercise particular options was conditioned on providing notice under the contract terms. 773 F.3d at 115. The Court explained that the "so long as" clause and the preceding proviso "communicated a clearly defined right, contingent on the performance of" the notice obligations. *Id.* In contrast, and as explained (at 10), Lalewicz's interpretation of the "so long as" clause wouldn't just limit the right to proceed in small claims court—it would make that right unconditional. The carveout's text doesn't support that reading.

**e.** Lalewicz insists (Br. 40) that his reading makes sense because the "so long as" clause bars *both* parties from removing or appealing. He claims, without authority, that in some small claims courts, a plaintiff can "remove" a case to a court of general jurisdiction by amending the complaint. That argument makes the Terms gobbledygook. A plaintiff cannot "elect to have claims heard in small claims court," JA283, JA308, by going *somewhere else*. Under a proper reading of the "so long as clause," removal means the right

- 15 -

to proceed in small claims court ceases (no matter *who* "removes," for that matter) and the parties must instead arbitrate.

### 2. The small claims court carveout doesn't clearly and unequivocally waive the right to remove.

Lalewicz also has no answer to the rule that contractual waivers of the right to remove must be clear and unequivocal. He doesn't dispute that the rule applies to the small claims carveout. *See* Response Br. 46-47. Nor does he dispute that the small claims court carveout doesn't expressly waive the right to remove. Yet he ignores that when the Terms waive important rights, like the right to trial by jury, they do so expressly. *See* JA284; *supra* p. 8. That should be the end of his argument.

In any event, Lalewicz also agrees that "when a provision specifies one jurisdiction as a possible forum, but doesn't exclude any other jurisdictions, there is no clear and unequivocal waiver." Br. 46. His only response (Br. 47-50) is that small claims court is the only possible court that can resolve the merits of his claim, so the waiver of the right to remove is clear enough. That argument doesn't withstand scrutiny.

As caselaw makes clear, where "one jurisdiction is specified, but neither is any other jurisdiction excluded," the language isn't "sufficiently

explicit and unequivocal to constitute waiver of … removal rights." *New Orleans*, 376 F.3d at 505. Indeed, as this Court has held, "an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." *Rabinowitz v. Kelman*, 75 F.4th 73, 82-83 (2d Cir. 2023). Here, as explained (at 5-8), the "so long as" clause preserves the right to remove to federal court, making clear that an action could end up in federal court, where the removing party can then compel arbitration. The ability to bring disputes in arbitration reinforces that small claims court is *not* the exclusive venue for Lalewicz's claim.

None of the decisions Lalewicz cites (Br. 47-48) shows that the small claims carveout waives the right to remove. In *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009), the court held that a forum selection clause didn't waive the right to remove to federal court. The clause provided that the borrower "irrevocably submits to the jurisdiction of any New York state or United States federal court sitting in New York City," thus "permit[ting] an action in either state or federal court" and not "waiv[ing] objections to venue in either the state or federal forum." *Id.* at 391. In contrast, the parties in *Frankford Crossing Shopping Center Dallas, Texas Ltd. v. Pho Partners, LLC*, 942 F. Supp. 2d 366, 370 (W.D.N.Y. 2013), didn't dispute

that the forum selection clause was mandatory. The clause provided that disputes "must be determined in the state, county or city courts in which [one party's] principal office is located." *Id.* at 368. The plain meaning of those terms was "that disputes between the parties … can only be litigated in state court." *Id.* at 372-73. Here, as in *Reijtenbagh*, the relevant language is permissive: "either party *may* elect to have claims heard in small claims court," JA283-JA284, JA308 (emphasis added), and otherwise covered disputes will be resolved in arbitration. That language doesn't waive objections to the state forum or indicate that small claims court is the only proper forum. Rather, as here, a case could end up in federal court, where a party may move to compel arbitration.

*Yakin v. Tyler Hill Corp.*, 566 F.3d 72 (2d Cir. 2009), doesn't suggest otherwise. The provision there reflected "the parties' commitment to trial in Nassau County," rather than federal court, because it said that the venue "shall be in Nassau County," and when the plaintiff sued, there was no federal courthouse in Nassau County. *Id.* at 74, 76. "Had there been a federal court located in Nassau County at the time of th[e] litigation," the Court observed, "remand would have been improper. But there was none." *Id.* at 76.

Here, in contrast, there *is* an available federal forum, and the small claims carveout lacks any language waiving the right to remove an action there.

### 3. Lalewicz's argument that only his reading makes policy sense lacks merit because the Terms implement the reasonable choice to opt for the benefits of arbitration.

Lalewicz contends (Br. 50-53) that it would be unreasonable to read the small claims court carveout to allow removal or appeal followed by arbitration, because the contract doesn't explain that process. He also asserts that he could just refile in small claims court even if, after removal or appeal, a court orders arbitration. Those arguments fail.

**a.** Lalewicz's policy argument collapses at the starting gate because he can't reasonably claim it's absurd to interpret the carveout to allow parties to remove or appeal and then to move to compel arbitration. *See* Response Br. 52. That means he cannot overcome the terms' meaning and the clear statement rule. To the contrary, Lalewicz *acknowledges* that some contracts allow parties to appeal and then move to compel arbitration. Just take the Eleventh Circuit's approval of an agreement requiring "appeals from the small claims tribunal to be resolved by arbitration." *Jenkins v. First American Cash Advance of Georgia, LLC*, 400 F.3d 868, 872 (11th Cir. 2005).

That makes sense, because moving to compel arbitration after removal or appeal isn't "commercially unreasonable." *Contra* Response Br. 52. As to removal, as WarnerMedia explained (Br. 49-50), it's reasonable to send cases that originate in small claims court and that present federal claims to arbitration, where arbitrators often have experience with federal law.

As to appeals, it makes sense to both allow further process after small claims court (if state law so permits), but to prefer that further process to take place in arbitration, which typically involves "lower costs, greater efficiency and speed, and the ability to choose expert adjudicators." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184-85 (2019). Judicial appeal, in contrast, typically has none of those features. To the contrary, some jurisdictions provide for de novo review in appeals from small claims court. In Tennessee, for example, appeal "provides the parties an entirely new trial as if no other trial had occurred." *Ken Smith Auto Parts v. Thomas*, 599 S.W.3d 555, 560, 565 (Tenn. 2020) (interpreting Tenn. Code Ann. § 27-5-108(c)). Other states have similar regimes. *E.g.*, Ala. Code § 12-12-31(a) (small claims docket in district court); *id.* § 12-12-71 (appeals "shall be to the circuit court for trial de novo"); Kan. Stat. Ann. § 61-2709; Add. 9-49.

If the appeal goes to arbitration, many arbitral tribunals have procedures for appellate review of the small claims court's decision. For example, NAM's appellate rules "apply to instances where the parties agree to submit an appeal of a state or federal trial/lower court decision to a NAM appellate panel, in lieu of pursuing an appeal through the court system." NAM Appellate Dispute Resolution R. 1 (JA394). Those rules also allow the arbitral panel to "apply the same standard of review that an appellate court in the jurisdiction would apply to an appeal." NAM Appellate Dispute Resolution R. 17.B (JA399). Other arbitral bodies have rules that likewise contemplate appellate procedures for arbitration awards. *See Optional Arbitration Appeal Procedures*, JAMS, https://www.jamsadr.com/appeal (last visited Feb. 4, 2026); *Optional Appellate Arbitration Rules*, AAA, https://www.adr.org/media/1gmnooai/optional-appellate-arbitration-rules.pdf (last visited Feb. 4, 2026). In arbitration, the appellate process would be more efficient and less expensive, making it a commercially reasonable option for both parties.

Further, some jurisdictions provide for *no* appeal from small claims court decisions. *E.g.*, Conn. Gen. Stat. §§ 52-263, 52-549a; Add. 1-8. In those cases, the small claims carveout simply contemplates that, absent removal, the small claims court will finally decide the dispute. That option likewise is

efficient and inexpensive, and thus commercially reasonable. In short, the plain reading of the small claims carveout makes good sense.

**b.** Lalewicz argues that his reading must be correct because "nothing in the contract would prevent [him] from going right back to small claims court if ordered to arbitrate." Br. 53. That argument is self-refuting. A party cannot claim an entitlement to violate a court order—as Lalewicz seems to recognize in observing that "a court might include something in its order to prevent this action." *Id.* And as a practical matter, Lalewicz also doesn't explain why WarnerMedia couldn't just remove again, or why the small claims court would proceed with the action that had been compelled to arbitration.

**c.** Lalewicz also claims that arbitration after removal or appeal is "contrary to the reasonable expectations of the parties" because, on his reading, the Terms aren't sufficiently explicit. Br. 52. But the Terms already state expressly that the parties "agree to resolve the dispute through binding arbitration or small claims court," JA234, JA282, as Lalewicz recognizes (Br. 35). That provision makes clear that if the dispute isn't in small claims court, the parties must arbitrate. The parties thus reasonably could anticipate that if the case leaves small claims court, it goes to arbitration.

### 4. Lalewicz's *contra proferentem* argument lacks merit.

Finally, Lalewicz contends (Br. 49-50), that if the "so long as" clause is ambiguous, it should be construed against WarnerMedia under the *contra proferentem* doctrine. Not so. Opening Br. 52-54.

*First*, the *contra proferentem* rule can apply only when a provision is ambiguous. As explained (at 5-7), the small claims carveout is not.

*Second*, the rule that waivers of the right to remove must be clear and unequivocal comes first and resolves any supposed ambiguity about whether the Terms bar removal. They don't. There is no work for *contra proferentem* to do. *Supra* pp. 7-8; Opening Br. 39-42.

*Finally*, courts cannot rely on *contra proferentem* to determine whether a party agreed to arbitrate anyway. The doctrine "seeks ends other than the intent of the parties," but arbitration provisions must be interpreted to reflect the parties' intent based on the best reading of the agreement. *Lamps Plus*, 587 U.S. at 187. And contrary to Lalewicz's suggestion (Br. 49-50), *Yakin* didn't silently authorize using *contra proferentem* to determine whether contractual language waives the right to remove. As Lalewicz acknowledges (Br. 49-50), *Yakin* didn't resolve that issue, because it held instead that the forum selection clause was a clear waiver. *See* 566 F.3d at 76.

### C. WarnerMedia was entitled to remove Lalewicz's VPPA action to federal court, and then move to compel arbitration, under the small claims court carveout.

Lalewicz doesn't dispute that his VPPA action was removable under 28 U.S.C. § 1441(a), because the action arises under federal law, *see id.* § 1331. Opening Br. 20. Nor does he dispute that, if WarnerMedia was entitled to remove, the district court should have compelled arbitration. Because WarnerMedia was entitled to remove the action and compel arbitration, no matter which version of the Terms governs, the district court should have denied Lalewicz's motion to remand and compelled arbitration.

## II. Under the 2023 Terms, Lalewicz must arbitrate before NAM.

Lalewicz agreed to the 2023 Terms, which require arbitration before NAM. Lalewicz's counterarguments—that he isn't bound by the 2023 Terms and that he never refused to arbitrate—fail. Lalewicz assented to the 2023 Terms, and those Terms state that they supersede any earlier agreements. And Lalewicz "refus[ed] … to arbitrate under [the parties'] written agreement for arbitration," 9 U.S.C. § 4, both before and after filing his small claims court complaint.

- 24 -

**A. Lalewicz agreed in 2023 to the updated Terms, which require arbitration before NAM.**

Lalewicz agreed to the 2023 Terms, including the arbitration agreement in § 5.4(a), when he signed into the Max platform in May 2023 and he clicked "Start Streaming." Opening Br. 55-60. Lalewicz was on notice that "[b]y selecting 'Start Streaming' you agree to the Max Terms of Use," which were available through a clearly and conspicuously displayed hyperlink, JA354-JA356, as "a reasonably prudent user would [have] underst[oo]d," *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 703, 704-06 (2d Cir. 2023). And when Lalewicz accepted the 2023 Terms, they superseded any earlier terms. That's because the 2023 Terms expressly state that they "supersede all prior or contemporaneous written or oral agreements between you and Max with respect to this subject matter." JA297, JA312. And under the 2023 Terms, Lalewicz must arbitrate before NAM. JA285-JA287; *see* JA308-JA309.

**B. Lalewicz's counterarguments are meritless.**

Lalewicz doesn't dispute that if WarnerMedia was entitled to remove the small claims court action, and that if the 2023 Terms apply, he must arbitrate before NAM. Instead, he claims he isn't bound by the 2023 Terms. Although the district court didn't resolve the issue, Lalewicz's argument is

incorrect, and the district court can reject it on remand or this Court can reject it now. *See International Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 56 (2d Cir. 2022). Lalewicz ignores the 2023 Terms' language expressly superseding earlier Terms, and his refusal to arbitrate before NAM by instead insisting that any arbitration must take place before the AAA.

1.      Lalewicz claims (Br. 55-56), that the 2023 Terms' arbitration provision doesn't apply because he sent WarnerMedia a notice in January 2023 purporting to reject the December 2022 changes to the arbitration agreement. *See* JA360. Section 5.4(g) of the November 2022 Terms states that, "[n]otwithstanding any provision in this Agreement to the contrary," the consumer "may reject" any future changes to the arbitration agreement. JA194-JA195. In Lalewicz's view, § 5.4(g) "allow[s] consumers to continue to use the service while retaining the previous arbitration terms." Br. 56. Not so.

When Lalewicz accepted the 2023 Terms, those terms expressly superseded all earlier Terms, meaning the November 2022 Terms—and their § 5.4(g)—no longer governed. "[W]here the parties have clearly expressed or manifested their intention that a subsequent agreement supersede or substitute for an old agreement, the subsequent agreement extinguishes the old one." *Northville Industries Corp. v. Fort Neck Oil Terminals Corp.*, 474

N.Y.S.2d 122, 125 (App. Div. 1984), *aff'd*, 477 N.E.2d 1102 (N.Y. 1985). Here, as explained (Br. 63-64), when Lalewicz accepted the May 2023 Terms (and later, the materially identical February 2024 Terms), those Terms superseded the earlier Terms, which provided for arbitration before AAA. *See Xi Mei Jia v. Intelli-Tec Security Services, Inc.*, 981 N.Y.S.2d 79, 80-81 (App. Div. 2014) (provision stating that agreement "supersedes any prior … agreements"). The November 2022 Terms thus no longer governed.

Lalewicz could have rejected the May 2023 Terms by canceling his subscription. JA296-JA297. But he didn't do that. Instead, he continued subscribing until at least May 2024, JA355, well after he supposedly rejected the December 2022 changes and after he manifested assent to the 2023 Terms. Under the 2023 Terms, Lalewicz's "decision not to cancel [his] Subscription" meant that he "agree[d] to be bound to the changes." JA296-JA297. Having agreed to the superseding 2023 Terms, Lalewicz couldn't resurrect his preferred arbitration provision from the 2022 Terms.

Indeed, the district court in a related case reached that very conclusion as to other HBO Max subscribers, reasoning that where the plaintiff "continued to pay" for her subscription "[i]nstead of cancelling" it, she "'evidenc[ed] her agreement to be bound by' the updated terms." *Brooks v.*

*WarnerMedia Direct, LLC*, 23 Civ. 11030, 2025 WL 3073839, at *4 (S.D.N.Y. Nov. 4, 2025) (alteration adopted). Lalewicz likewise cannot "take the benefit" of the streaming service "with knowledge of the terms of the offer" in the 2023 Terms, but later claim those terms don't bind him. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004); *see Brooks v. WarnerMedia Direct, LLC*, 23 Civ. 11030, 2024 WL 3330305, at *15 (S.D.N.Y. July 8, 2024). The Terms aren't a choose-your-own adventure. They don't allow consumers to choose their own arbitration provision in perpetuity while the consumer continues to benefit from the Max platform.

**2.** Lalewicz says (Br. 59-60) that WarnerMedia couldn't change the terms after he sent a notice of dispute unless WarnerMedia communicated the changes to his counsel. Lalewicz points to three decisions, but none holds that once one party sends a notice of dispute, the parties cannot enter into a new arbitration agreement without informing the counterparty's lawyer of the new terms.

For instance, *Dasher v. RBC Bank (USA)*, 882 F.3d 1017, 1019-21, 1024 (11th Cir. 2018), held that the plaintiff didn't assent to an arbitration agreement that the bank defendant adopted *after* the district court had denied the bank's motion to compel arbitration. The bank hadn't sent the agreement to

plaintiff's counsel even though litigation was pending and the plaintiff had been resisting arbitration. *Id.* at 1021-24. Likewise, in *Russell v. Citigroup, Inc.*, 748 F.3d 677, 679 (6th Cir. 2014), the defendant sought to implement an arbitration agreement during pending litigation, but the agreement applied to disputes "that begin—that arise—in the present or future." The Sixth Circuit concluded that "the parties signed this agreement to head off future lawsuits, not to cut off existing ones." *Id.* at 680. And in *Heckman v. LiveNation Entertainment, Inc.*, 120 F.4th 670, 677 (9th Cir. 2024), *cert. denied*, 146 S. Ct. 96 (2025), too, the defendant purported to amend the arbitration agreement *after* a motion to compel arbitration was pending in the district court.

Here, in contrast, Lalewicz didn't sue WarnerMedia until April 2024, JA20-JA21, long after he assented to the 2023 Terms. And the May 2023 Terms' arbitration agreement applies retroactively, JA283, unlike in *Russell*. There is nothing unusual about that approach. Indeed, courts routinely enforce arbitration agreements that—like the 2023 Terms here—apply retroactively to claims that have accrued, *see Plazza v. Airbnb, Inc.*, 289 F. Supp. 3d 537, 551 (S.D.N.Y. 2018); *Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470, 472-74 (S.D.N.Y. 2010), including agreements formed

after a consumer "provided notice of the accrual of his claim," *Pilon v. Discovery Communications, LLC*, 769 F. Supp. 3d 273, 295 (S.D.N.Y. 2025).

**3.** Lalewicz next argues (Br. 57) that compelling arbitration isn't warranted because he was allowed to sue in small claims court and thus never refused to arbitrate. But he did exactly that by refusing to arbitrate "in the manner provided for" in the parties' "written agreement." 9 U.S.C. § 4. Lalewicz has refused to arbitrate before NAM under the 2023 Terms both before suing in Tennessee small claims court, *see* JA356-JA357, and at the district court by requesting arbitration before the AAA if the district court compels arbitration, Dist. Ct. Doc. 23 at 11; Dist. Ct. Doc. 47 at 13.

*Transatlantic Lines LLC v. Amergent Technologies, LLC*, 186 F. Supp. 3d 223, 225 (D. Conn. 2016), doesn't support Lalewicz's argument that he hasn't refused to arbitrate. In *Transatlantic*, the court held that a respondent hadn't refused to arbitrate under § 4, because it had actually initiated arbitration proceedings under the terms of the parties' agreement. *Id.* at 226-28. Here, in contrast, Lalewicz has not initiated arbitration, and he refuses to arbitrate before NAM under the 2023 Terms.

**4.** Finally, Lalewicz throws a rock from a glass house, claiming that WarnerMedia is "manipulat[ing]" the dispute. Br. 59. WarnerMedia is

simply asking the Court to enforce the contract as written. The manipulation is the concerted effort of law firms—like the one representing Lalewicz—to initiate mass arbitrations under the VPPA designed to coerce unwarranted settlements based on the threat of unrecoverable arbitration fees—even where the claims are patently meritless (as where counsel admitted, for example, to filing a complaint for deceased individuals, *see* Mem. of Law in Support of Keller Postman LLC's Motion to Withdraw, ECF 41, *Pyzel v. Discovery Communications, LLC*, 25 Civ. 06398 (S.D.N.Y. Jan. 9, 2026); Compl., ECF 1, *Pyzel*, 25 Civ. 06398 (S.D.N.Y. Aug. 4, 2025)).

## III. Alternatively, the case should be dismissed because Lalewicz's notice of dispute failed to meet the requirements in § 5.4(b) of the 2023 Terms.

**A.** Even if the small claims court carveout waived the right to remove to federal court, it would operate as a waiver only where a plaintiff submitted a compliant notice of dispute under § 5.4(b) of the 2023 Terms. Opening Br. 64-67. Lalewicz's notice was deficient, because it failed to state how and when Lalewicz became a subscriber; provide information about his subscription history or status; include facts about the nature of and basis for his claim; or include details about the service or platforms he used to watch content. Nor did Lalewicz include a certification verifying the accuracy of

the notice's contents. *See* JA362. He thus failed to "strictly comply" with the notice requirement, *Peter Scalamandre & Sons, Inc. v. FC 80 Dekalb Associates*, 12 N.Y.S.3d 133, 136 (App. Div. 2015). And because Lalewicz failed to satisfy that condition precedent to bringing a claim, he wasn't permitted to sue and WarnerMedia was entitled to remove so the district court could make that determination and dismiss his case.

**B.** Lalewicz's counterarguments lack merit.

**1.** Lalewicz doesn't dispute that he didn't meet the notice requirements in the 2023 Terms. *See* Br. 57-59. Instead, he asserts that his notice satisfied the November 2022 Terms, *see* JA190, JA362, and that it would be "absurd" for the 2023 Terms to govern when he sent the notice before those terms took effect. But as explained (at 25-31), Lalewicz is bound by the 2023 Terms. By assenting to those Terms, Lalewicz agreed that the arbitration agreement—which includes the notice requirements in § 5.4(b)—would govern "claims that arose before this or any prior Agreement." JA283-JA284.

**2.** Lalewicz says (Br. 58-59) the district court cannot decide whether his notice was sufficient because only the Tennessee small claims court can decide that issue. That's incorrect. Section 5.10 contemplates that a state or federal court in New York County, New York—like the district court here—

will resolve issues involving the enforcement of the arbitration provision. JA295, JA311. Lalewicz's failure to comply with § 5.4(b)'s notice requirements is such an issue, so the district court may resolve it.

## CONCLUSION

The Court should reverse the order remanding the case to Tennessee small claims court and denying WarnerMedia's motion to compel arbitration, and remand with (a) instructions to compel arbitration before NAM, or (b) instructions for the district court to decide which terms apply. Alternatively, the Court should vacate the order with instructions to dismiss the case.

Dated: February 4, 2026         Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
  *Counsel of Record*

Michael W. McTigue Jr.         Parker Rider-Longmaid
Meredith C. Slawe              Sylvia O. Tsakos
Kurt Wm. Hemr                 SKADDEN, ARPS, SLATE,
Sherry M. Tanious               MEAGHER & FLOM LLP
SKADDEN, ARPS, SLATE,      1440 New York Ave., NW
  MEAGHER & FLOM LLP      Washington, DC 20005
One Manhattan West           Telephone: 202-371-7000
New York, NY 10001           shay.dvoretzky@skadden.com

*Counsel for Defendant-Appellant WarnerMedia Direct, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Local Rule 32.1(a)(4)(A) because, as calculated by Microsoft Word, it contains 6,999 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). I also certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: February 4, 2026          Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Defendant-Appellant*
 *WarnerMedia Direct, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, I electronically filed the fore-
going brief with the Clerk of the Court for the United States Court of Appeals
for the Second Circuit by using the CM/ECF system. I certify that all partic-
ipants in the case are registered CM/ECF users and that service will be
accomplished by the CM/ECF system.

Dated: February 4, 2026       Respectfully submitted,

*/s/ Shay Dvoretzky*
Shay Dvoretzky
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Defendant-Appellant*
  *WarnerMedia Direct, LLC*

[This page intentionally left blank.]

# INDEX OF ADDENDUM

**Page**

Statutes indicating that no appeals from small claims court
decisions are permitted ...................................................................Add. 1

Arizona ............................................................................................Add. 1

    Ariz. R. Small Cl. P. 1. Small Claims Lawsuit .................................Add. 1

Connecticut .....................................................................................Add. 2

    Conn. Gen. Stat. § 51-15. Rules of procedure in certain
civil actions. Small claims ..................................................Add. 2

    Conn. Gen. Stat. § 52-263. Appeals from Superior Court.
Exceptions ......................................................................Add. 3

Hawaii..............................................................................................Add. 4

    Haw. Rev. Stat. § 633-28. Small claims, no appeal;
appearance by whom ........................................................Add. 4

Louisiana .........................................................................................Add. 5

    La. Stat. Ann. § 13:5209. Waiver of right to appeal.......................Add. 5

North Dakota ...................................................................................Add. 6

    N.D. Cent. Code § 27-08.1-04. Election to proceed in
small claims court irrevocable ............................................Add. 6

Oregon .............................................................................................Add. 7

    Or. Rev. Stat. § 46.485. Extent and effect of small claims
judgment .........................................................................Add. 7

South Dakota ...................................................................................... Add. 8

    S.D. Codified Laws § 15-39-57. Claim of trial by court or jury
    by defendant--Affidavit--Special rule in designated judicial
    circuit governing removal to the regular civil docket of the
    court--Entry fee and undertaking ..................................................... Add. 8

Statutes indicating that appeals from small claims court
    decisions are new trials/de novo ...................................................... Add. 9

Alabama ............................................................................................... Add. 9

    Ala. Code § 12-12-31. Small Claims Actions; Attorney
    Representation; When; Attorney Fees; Prosecution of
    Assigned Claims; License Required .................................................. Add. 9

    Ala. Code § 12-12-71. When Appeals Taken to Circuit
    Courts; Nature of Proceedings and Right to Jury Trial
    Upon Appeals to Circuit Courts ....................................................... Add. 9

Arkansas ............................................................................................ Add. 10

    Ark. Dist. Ct. R. 9. Appeals To Circuit Court .............................. Add. 10

    Ark. Dist. Ct. R. 10.  Procedure In Small Claims Division .......... Add. 11

    Ark. Const. amend. 80, § 7. District Courts .................................. Add. 12

Delaware ............................................................................................ Add. 12

    Del. Code Ann. tit. 10, § 9301. Civil jurisdiction; amount
    in controversy ................................................................................ Add. 12

    Del. Code Ann. tit. 10, § 9571. Appeal in civil actions ............... Add. 13

Georgia .............................................................................................. Add. 14

    Ga. Code Ann. § 15-10-2.  General jurisdiction; authority of
    magistrate to act ............................................................................ Add. 14

    Ga. Code Ann. § 15-10-41. No jury trials; appeal ........................ Add. 15

Idaho ...................................................................................Add. 15

    Idaho Code § 1-2312. Form for appeal —
    Filing and disposition ...................................................Add. 15

    Idaho R. Small Cl. Actions 15. Appeals...........................Add. 16

Iowa ...................................................................................Add. 17

    Iowa Code § 631.13 ......................................................Add. 17

Kansas ................................................................................Add. 18

    Kan. Stat. Ann. § 61-2709. Appeals ...............................Add. 18

Maine..................................................................................Add. 19

    Me. R. Small Cl. P. 11. Appeal .....................................Add. 19

Maryland .............................................................................Add. 21

    Md. Code Ann., Courts and Judicial Proceedings,
    § 4-405 (West). Jurisdiction over small claims actions ...............Add. 21

    Md. Cir. Ct. R. 7-102. Modes of Appeal.........................Add. 21

Massachusetts .....................................................................Add. 23

    Mass. Small Cl. Standards 8:00. Appealing from the
    judgment ....................................................................Add. 23

Michigan..............................................................................Add. 23

    Mich. Comp. Laws § 600.8427. Conduct of small claims
    hearing by district court judge or magistrate; appeal ...............Add. 23

Minnesota ...........................................................................Add. 24

    Minn. Stat. § 491A.01. Establishment; Powers; Jurisdiction.......Add. 24

    Minn. Gen. R. Prac. 521. Removal (Appeal) to District
    Court .........................................................................Add. 25

Mississippi ................................................................................... Add. 25

    Miss. Code Ann. § 9-11-9. Civil jurisdiction;
    pecuniary interest in outcome of action ....................................... Add. 25

    Miss. Code Ann. § 11-51-91.  Trial of cases on appeal from
    justice of the peace ...................................................................... Add. 26

Missouri ...................................................................................... Add. 27

    Mo. Rev. Stat. § 482.365. Small claim judgment not lien on
    real estate — trial de novo, how perfected — duty of clerk
    — recognizance required, when — procedure ............................ Add. 27

New Mexico ................................................................................. Add. 29

    N.M. Stat. Ann. § 35-13-2. Appeals; district court
    proceedings; docket fees; judgment.............................................. Add. 30

    N.M. R. App. P. 1-072. Appeal from magistrate courts in
    trial de novo cases........................................................................ Add. 31

North Carolina............................................................................. Add. 35

    N.C. Gen. Stat. § 7A-228. New trial before magistrate;
    appeal for trial de novo; how appeal perfected;
    oral notice; dismissal .................................................................. Add. 35

Pennsylvania............................................................................... Add. 36

    246 Pa. Code R. 1007. Procedure on Appeal ................................ Add. 37

Rhode Island ............................................................................... Add. 38

    9 R.I. Gen. Laws § 9-12-10. Claim of appeal of
    superior court ............................................................................. Add. 38

    10 R.I. Gen. Laws § 10-16-14. Appeals by defendant ................. Add. 39

Tennessee.................................................................................Add. 40

    Tenn. Code Ann. § 27-5-108. Appeal from
    general sessions court .....................................................Add. 40

Texas .......................................................................................Add. 41

    Tex. R. Civ. P. 506.3. Trial De Novo ...............................Add. 43

Utah .......................................................................................Add. 43

    Utah Code Ann. § 78A-8-106 (West). Appeals--
    Who may take and jurisdiction.........................................Add. 43

    Utah R. Small Cl. P 12. Appeals......................................Add. 44

Virginia ..................................................................................Add. 44

    Va. Code Ann. § 16.1-122.7. Appeals ..............................Add. 44

    Va. Code Ann. § 16.1-106. Appeals from courts
    not of record in civil cases ...............................................Add. 44

    Va. R. Cir. Ct. Small Cl., Judgment is Entered ..............Add. 45

West Virginia .........................................................................Add. 46

    W. Va. Code § 50-5-12. Appeals in civil cases ..............Add. 46

# ADDENDUM

**Statutes indicating that no appeals from small claims court decisions are permitted**

**Arizona**

### Ariz. R. Small Cl. P. 1. Small Claims Lawsuit

**(a) Definition and Jurisdictional Limit.** A small claims lawsuit is a voluntary, simplified procedure for a lawsuit in the small claims division of the justice court. The small claims division may only decide lawsuits in which the debt, damage, tort, injury, or value of the personal property claims by the plaintiff are not more than $5,000 and counterclaims by the defendant are not more than $5,000, exclusive of interest and costs. A small claims lawsuit also includes lawsuits where a party asks the court to disaffirm, avoid, or rescind a contract, or seeks equitable relief, and the amount at issue is not more than $5,000.

**(b) Governing Authorities.**

(1) *Rules and Statutes.* These rules and the Arizona Revised Statutes ("A.R.S.") Title 22, Chapter 5, govern procedures for small claims lawsuits and provide a process for inexpensive, speedy, and informal resolutions. Courts and parties should interpret these rules liberally and consistently with this purpose.

- Add. 1 -

…

**(d) No Jury and No Appeal.** There is no right to a jury trial or to appeal the judgment in a small claims lawsuit. The decision of the justice of the peace or hearing officer is final and binding on both parties.

…

**Connecticut**

**Conn. Gen. Stat. § 51-15. Rules of procedure in certain civil actions. Small claims**

…

(b) The judges of the Superior Court shall adopt orders and rules for the hearing and determination of small claims that shall include: (1) Provisions for the institution of small claims actions by attorneys-at-law on suitable forms to be served by a proper officer or indifferent person upon the defendant in the same manner as complaints are served in civil actions; (2) notice by mail; (3) provisions for the early hearing of actions and rules for hearings in accordance with sections 51-193t and 52-549a, and the elimination of any and all fees or costs, except a fee for small claims procedure as prescribed in section 52-259; (4) modification of any or all existing rules of pleading, practice and evidence; and (5) a stay of the entry of judgment or of

the issuance of execution and an alternative procedure according to the usual rules of practice. Such orders and rules shall permit the institution of a small claims action against a nonresident defendant who owns real or personal property in this state and against an out-of-state corporation.

…

**Conn. Gen. Stat. § 52-263. Appeals from Superior Court. Exceptions**

Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9.

**Hawaii**

**Haw. Rev. Stat. § 633-28. Small claims, no appeal; appearance by whom**

(a) Actions shall be commenced and conducted in the small claims division of the district court as provided by the rules of court. The clerk of the court, at the request of an individual, shall prepare the papers required to be filed in an action in the court, but the clerk's services in the preparation of these papers shall not be available to a corporation, partnership, or association, or to any individual proprietorship. The mode of service shall be:

(1) As provided by law or rule of court for cases in the district courts; provided that for any small claims action, service may be made by one of the parties to the action by means of personal service to the other parties, on the condition that:

(A) The party being served signs that party's name to indicate actual receipt of service; or

(B) A competent witness, who is not an employee, family member, or agent of the plaintiff appears at a hearing on the matter or provides a notarized affidavit testifying that personal

service on the party sought to be served was accomplished in the witness' presence;

(2) As to actions arising under paragraphs (1) and (3) of section 633-27(a), by registered mail or by certified mail with return receipt signed by the addressee showing delivery within the circuit; or

(3) As to actions arising under paragraph (2) of section 633-27(a), by registered mail or by certified mail with return receipt signed by the addressee showing delivery at any place within or without the State.

There shall be no appeal from a judgment of the small claims division, but the court, sitting as the small claims division, may alter or set aside any judgment as provided by the rules of court.

…

**Louisiana**

**La. Stat. Ann. § 13:5209. Waiver of right to appeal**

A. A plaintiff who files a complaint in a small claims division shall be deemed to have waived his right to appeal unless the complaint is removed as provided in Subsection B below or is transferred as provided in R.S. 13:5206 above.

B. A defendant shall be deemed to have waived his right to appeal unless, within the time allowed for filing an answer to the complaint, he files a written motion seeking removal of the action to the ordinary civil docket of the court in which the complaint is filed, which motion shall be granted forthwith.

…

**North Dakota**

### N.D. Cent. Code § 27-08.1-04. Election to proceed in small claims court irrevocable

Election by the plaintiff to use the procedures provided for in this chapter is irrevocable. In the event the plaintiff elects to discontinue the proceedings, the court shall enter its order accordingly, and unless otherwise provided in the order the dismissal must be deemed to be with prejudice. By election to proceed in small claims court, the plaintiff waives the right to appeal to any other court from the decision of the small claims court. The defendant waives the right to appeal from the decision of the small claims court upon receiving the order for appearance as required herein, unless the defendant elects to remove the action from the small claims court to district

court. If the defendant elects to remove the action to district court, the defendant must serve upon the plaintiff a notice of the removal and file with the clerk of the court to which the action is removed a copy of the claim affidavit and the defendant's answer along with the filing fee, except for an answer fee, required for civil actions. If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff. If the defendant appeals a district court judgment to the supreme court, the supreme court shall award reasonable attorney's fees to the prevailing appellee.

**Oregon**

### Or. Rev. Stat. § 46.485. Extent and effect of small claims judgment

…

(4) A judgment in the small claims department is conclusive upon the parties and no appeal may be taken from the judgment.

…

**South Dakota**

**S.D. Codified Laws § 15-39-57. Claim of trial by court or jury by defendant--Affidavit--Special rule in designated judicial circuit governing removal to the regular civil docket of the court--Entry fee and undertaking**

No party may appeal any decision entered under this procedure. In lieu thereof, defendant may, five days prior to the date upon which the defendant is notified to appear or answer, file in the court in which the action is pending, a petition to remove the action to the regular civil docket of the circuit court or magistrate court and state therein whether the defendant intends to proceed with a trial by jury or a trial to the court. Failure to make the request within the time provided shall be deemed an acceptance by the defendant to the jurisdiction of small claims court. The petition shall be supported by an affidavit that makes a showing that there are good reasons why the formal civil trial process is justified and the defendant has a meritorious defense. The sum of thirty-five dollars for entry of the action for trial in the circuit or magistrate court, as the case may be, must accompany the petition and affidavit. The defendant must also deposit the sum of two hundred fifty dollars to secure the plaintiff for costs and/ or damages which the court may determine the plaintiff is reasonably entitled to receive.

**Statutes indicating that appeals from small claims court decisions are new trials/de novo**

**Alabama**

**Ala. Code § 12-12-31. Small Claims Actions; Attorney Representation; When; Attorney Fees; Prosecution of Assigned Claims; License Required**

(a) The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed six thousand dollars ($6,000). These actions shall be placed on a small claims docket by each district court and shall be processed according to uniform rules of simplified civil procedure as may be promulgated by the Supreme Court.

…

**Ala. Code § 12-12-71. When Appeals Taken to Circuit Courts; Nature of Proceedings and Right to Jury Trial Upon Appeals to Circuit Courts**

Except as provided in Section 12-12-72 and in subsection (e) of Section 12-15-120, all appeals from final judgments of the district court shall be to the circuit court for trial de novo.

An appellant shall not be entitled to a jury trial in circuit court unless it is demanded in the notice of appeal, and an appellee shall have no right to

a jury trial unless written demand is filed in circuit court within 14 days of service upon him of notice of appeal.

**Arkansas**

### Ark. Dist. Ct. R. 9. Appeals To Circuit Court

…

(c) *Procedure on Appeal From District Court.*

(1) All the parties shall assert all their claims and defenses in circuit court. Within 30 days after a party serves upon counsel for all other parties, and upon any party not represented by counsel, certified copies of the district court docket sheet or district court record and a certified copy of the district court complaint or claim form, the party who was the defendant in district court shall file its answer, motions, and claims within the time and manner prescribed by the Arkansas Rules of Civil Procedure and the case shall otherwise proceed in accordance with those rules.

(2) At the time they file their complaint, answer, motions, and claims, the parties shall also file with the circuit clerk certified copies of any district court papers that they believe are material to the disputed issues in circuit court. Any party may also file certified copies of

additional district court papers at any time during the proceeding as the need arises.

(3) As soon as practicable after the pleadings are closed, the circuit court shall establish a schedule for discovery, motions, and trial.

(4) Except as modified by the provisions of this rule, and except for the inapplicability of Rule of Civil Procedure 41, the Arkansas Rules of Civil Procedure shall govern all the circuit court proceedings on appeal of a district court judgment as if the case had been filed originally in circuit court.

**Ark. Dist. Ct. R. 10. Procedure In Small Claims Division**

…

(e) *Judgments and orders - Awarding of costs - Appeals.*

…

(6) Appeals may be taken from the judgment rendered in the small claims division of district court in the same manner as other civil appeals are taken from district courts.

**Ark. Const. amend. 80, § 7. District Courts**

(A) District Courts are established as the trial courts of limited jurisdiction as to amount and subject matter, subject to the right of appeal to Circuit Courts for a trial de novo.

…

**Delaware**

**Del. Code Ann. tit. 10, § 9301. Civil jurisdiction; amount in controversy**

Unless otherwise specified by law, the Justice of the Peace Court shall have civil jurisdiction over the following:

(1) Common-law actions in contract, express or implied, and common-law actions in tort for damage, destruction or taking of personal property (including replevin), for injury to real property, and for trespass on the land. Jurisdiction over such actions shall be limited to actions in which the matter in demand, damage claimed, or the value of the property whose return is sought does not exceed $25,000; provided, however, that the $25,000 limit does not apply to monetary claims, counter-claims, or cross-claims asserted in an action for summary possession as provided in Chapter 57 of Title 25 and arising from

or relating to a commercial lease as defined in Part IV of Title 25 [§ 6101 et seq. of Title 25]. A penalty in any contract exceeding that sum shall not exclude it from this jurisdiction if the sum actually due thereon is within it. The interest also due on any cause of action within this jurisdiction may be added, although the judgment, with interest so added, exceeds $25,000.

(2) Actions for any penalty or forfeiture incurred under the provisions of any statute, bylaw or ordinance authorized by statute when the matter in demand does not exceed $25,000. The interest also due on any such cause of action may be added, although the judgment, with interest so added, exceeds $25,000.

(3) Summary possession actions as provided in Chapter 57 of Title 25.

(4) Distress for rent actions as provided in Chapter 63 of Title 25.

(5) Truancy actions as provided in Chapter 27 of Title 14.

(6) Any other civil jurisdiction provided by law.

**Del. Code Ann. tit. 10, § 9571. Appeal in civil actions**

(a) From any final order, ruling, decision or judgment of the Court in a civil action there shall be the right of appeal to the Court of Common Pleas

of the State in the county in which said order, ruling, decision or judgment was rendered.

(b) The appeal shall be taken within 15 days of the final order, ruling, decision or judgment.

(c) The appeal shall be a trial de novo.

(d) The Court of Common Pleas shall establish appeal procedures and supersedeas bond requirements by rule.

**Georgia**

**Ga. Code Ann. § 15-10-2. General jurisdiction; authority of magistrate to act**

(a) Each magistrate court and each magistrate thereof shall have jurisdiction and power over the following matters:

…

(5) The trial of civil claims including garnishment and attachment in which exclusive jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $15,000.00, provided that no prejudgment attachment may be granted; (6) The issuance of summons, trial of issues, and issuance

of writs and judgments in dispossessory proceedings and distress war-

rant proceedings as provided in Articles 3 and 4 of Chapter 7 of Title

44;

…

**Ga. Code Ann. § 15-10-41. No jury trials; appeal**

…

(b)     (1) Except as otherwise provided in this subsection, appeals may

be had from judgments returned in the magistrate court to the state court of

the county or to the superior court of the county and the same provisions

now provided for by general law for appeals contained in Chapter 3 of Title

5 shall be applicable to appeals from the magistrate court, the same to be a

de novo appeal. The provisions of Chapter 3 of Title 5 shall also apply to

appeals to state court.

…

**Idaho**

**Idaho Code § 1-2312. Form for appeal — Filing and disposition**

An appeal from the small claims department may be in the following

terms:

In the Magistrate's Division of the District Court for .... County, Idaho, .... Plaintiff, vs. ...., Defendant. Comes now ...., resident of .... County, Idaho and appeals from the decision of the small claims department of the magistrate's division for .... County, Idaho, wherein a judgment for .... dollars was awarded against him on the .... day of ...., .....

............................. (Signed)

Such appeal shall be filed with the magistrate's division. Such appeal shall be tried in the magistrate's division without any other pleadings than those required in the small claims department originally trying the cause, all papers in the case shall be certified to said lawyer magistrate as is now provided by law in other cases of appeals in civil actions in the magistrate's division, provided, however, that said lawyer magistrate may require such other or further statements and information as he may deem necessary for the proper consideration of said controversy.

**Idaho R. Small Cl. Actions 15. Appeals**

…

(c) Trial de Novo. The court will conduct any appeal as a trial de novo.

**Iowa**

**Iowa Code § 631.13. Appeals**

…

4. Procedure on appeal.

    a.    (1) The appeal shall be promptly heard upon the record thus filed without further evidence. If the original action was tried by a district judge, the appeal shall be decided by a different district judge. If the original action was tried by a district associate judge, the appeal shall be decided by a district judge. If the original action was tried by a judicial magistrate, the appeal shall be decided by a district judge or a district associate judge. The judge shall decide the appeal without regard to technicalities or defects which have not prejudiced the substantial rights of the parties, and may affirm, reverse, or modify the judgment, or render judgment as the judge or magistrate should have rendered.

    (2) If the record, in the opinion of the deciding judge, is inadequate for the purpose of rendering a judgment on appeal, the judge may order that additional evidence be presented relative to one or more issues, and may enter any other order which is

necessary to protect the rights of the parties. The judge shall take minutes of any additional evidence, but the hearing shall not be reported by a certified court reporter.

b. Upon entry of judgment the clerk may cause any recording tape or other device contained in the record to be erased for subsequent use.

**Kansas**

### Kan. Stat. Ann. § 61-2709. Appeals

(a) An appeal may be taken from any judgment under the small claims procedure act. All appeals shall be by notice of appeal specifying the party or parties taking the appeal and the order, ruling, decision or judgment complained of and shall be filed with the clerk of the district court within 14 days after entry of judgment. All appeals shall be tried and determined de novo before a district judge, other than the judge from which the appeal is taken. The provisions of K.S.A. 60-2001 and 61-1716, and amendments thereto, shall be applicable to actions appealed pursuant to this subsection. The appealing party shall cause notice of the appeal to be served upon all other parties to the action in accordance with the provisions of K.S.A. 60-205, and amendments thereto. An appeal shall be perfected upon the filing of the notice of

appeal. When the appeal is perfected, the clerk of the court or the judge from which the appeal is taken shall refer the case to the chief judge for assignment in accordance with this section. All proceedings for the enforcement of any judgment under the small claims procedure act shall be stayed during the time within which an appeal may be taken and during the pendency of an appeal, without the necessity of the appellant filing a supersedeas bond. If the appellee is successful on an appeal pursuant to this subsection, the court shall award to the appellee, as part of the costs, reasonable attorney fees incurred by the appellee on appeal.

(b) Any order, ruling, decision or judgment rendered by a district judge on an appeal taken pursuant to subsection (a) may be appealed in the manner provided in article 21 of chapter 60 of the Kansas Statutes Annotated, and amendments thereto.

**Maine**

**Me. R. Small Cl. P. 11. Appeal**

…

(d) Appeal on Questions of Law or by Jury Trial De Novo; Record; Transcript.

…

(2) An appeal by a defendant may be on questions of law only or, on any issue so triable of right, by jury trial de novo at the election of the defendant. A defendant who seeks a jury trial de novo shall briefly state the grounds of the appeal and demand a jury trial in writing on the notice of appeal and shall file with the notice an affidavit or affidavits meeting the requirements of Rule 56(e) of the Maine Rules of Civil Procedure, and setting forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury. Failure to make demand for jury trial with accompanying affidavit or affidavits constitutes a waiver of the right to jury trial de novo. When jury trial has not been demanded, the appeal shall be determined by the Superior Court as provided for plaintiffs' appeals in paragraph (1) of this subdivision. When jury trial is demanded, the record on appeal shall be prepared as provided in paragraph (4) of this subdivision, and the action shall be tried to a jury by the Superior Court in accordance with Rule 80L of the Maine Rules of Civil Procedure.

…

**Maryland**

**Md. Code Ann., Courts and Judicial Proceedings, § 4-405 (West). Jurisdiction over small claims actions**

The District Court has exclusive jurisdiction over a small claim action, which, for purposes of this section, means a civil action for money in which the amount claimed does not exceed $5,000 exclusive of interest, costs, and attorney's fees, if attorney's fees are recoverable by law or contract; and landlord tenant action under §§ 8-401 and 8-402 of the Real Property Article, in which the amount of rent claimed does not exceed $5,000 exclusive of interest and costs.

**Md. Cir. Ct. R. 7-102. Modes of Appeal**

(a) De Novo. Except as provided in section (b) of this Rule, an appeal shall be tried de novo in all civil and criminal actions.

Cross reference: For examples of appeals to the circuit court that are tried de novo, see Code, Courts Article, § 12-401(f), concerning a criminal action in which sentence has been imposed or suspended following a plea of guilty or nolo contendere and an appeal in a municipal infraction or Code violation case; Code, Courts Article, § 3-1506, concerning an appeal from the grant or denial of a petition seeking a peace order; and Code, Family Law

Article, § 4-507, concerning an appeal from the grant or denial of a petition seeking relief from abuse.

(b) On the Record. An appeal shall be heard on the record made in the District Court in the following cases:

(1) a civil action in which the amount in controversy exceeds $5,000 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract;

Cross reference: For computation of the amount in controversy in an action involving a claim for possession or repossession of property, see *Velicky v. Copycat Building LLC*, 476 Md. 435 (2021) and *Purvis v. Forest Street Apartments*, 286 Md. 398 (1979).

(2) any matter arising under § 4-401(7)(ii) of the Courts Article;

(3) any civil or criminal action in which the parties so agree;

(4) an appeal from an order or judgment of direct criminal contempt if the sentence imposed by the District Court was less than 90 days' imprisonment; and

(5) an appeal by the State from a judgment quashing or dismissing a charging document or granting a motion to dismiss in a criminal case.

**Massachusetts**

**Mass. Small Cl. Standards 8:00. Appealing from the judgment**

A defendant against whom a judgment has been rendered (including the defendant in a counterclaim or third party claim), may appeal for a trial by a judge or before a jury of six persons, unless the defendant elected to have the case tried initially by a judge, in which instance there is no opportunity for another trial.

The defendant must first:

1. file an affidavit setting forth questions of law and fact in the case requiring a trial and stating that such trial is intended in good faith;

2. pay an entry fee unless found indigent; and

3. post a bond, unless waived or not required.

**Michigan**

**Mich. Comp. Laws § 600.8427. Conduct of small claims hearing by district court judge or magistrate; appeal**

A small claims hearing may be conducted either by a district court judge or by a district court magistrate who is an attorney licensed to practice in this state and who is authorized to do so by the chief judge of the district court district as provided in section 8514. If the hearing is conducted by a district court magistrate, an appeal de novo as of right may be taken by either

party to the small claims division of the district court. Appeal shall be taken within 7 days after the entry of the decision of the magistrate. Further appeal from the judgment of the district court judge shall not be available to either party.

**Minnesota**

**Minn. Stat. § 491A.01. Establishment; Powers; Jurisdiction**

…

Subd. 3a. Jurisdiction; general.

(a) Except as provided in subdivisions 4 and 5, the conciliation court has jurisdiction to hear, conciliate, try, and determine civil claims if the amount of money or property that is the subject matter of the claim does not exceed: (1) $20,000; or (2) $4,000, if the claim involves a consumer credit transaction.

(b) "Consumer credit transaction" means a sale of personal property, or a loan arranged to facilitate the purchase of personal property, in which:

(1) credit is granted by a seller or a lender who regularly engages as a seller or lender in credit transactions of the same kind;

(2) the buyer is a natural person;

(3) the claimant is the seller or lender in the transaction; and

(4) the personal property is purchased primarily for a personal, family, or household purpose and not for a commercial, agricultural, or business purpose.

…

**Minn. Gen. R. Prac. 521. Removal (Appeal) to District Court**

(a) Trial de novo. Any person aggrieved by an order for judgment entered in conciliation court after contested trial may remove the cause to district court for trial de novo (new trial). An "aggrieved person" may be either the judgment debtor or creditor.

…

**Mississippi**

**Miss. Code Ann. § 9-11-9. Civil jurisdiction; pecuniary interest in outcome of action**

Justice court judges shall have jurisdiction of all actions for the recovery of debts or damages or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed Three Thousand Five Hundred Dollars ($3,500.00).

The justice court judges shall have no pecuniary interest in the outcome of any action once suit has been filed.

**Miss. Code Ann. § 11-51-91. Trial of cases on appeal from justice of the peace**

On appeal from a justice of the peace court to the circuit court the case shall be tried anew, in a summary way, without pleadings in writing, at the first term, unless cause be shown for a continuance; provided, however, that the circuit court shall have the authority and power of its own motion or on motion of any party to require that defenses to the action shall be set up by way of answer in like manner as is required by Section 11-7-59, Mississippi Code of 1972.

If it appear on the trial that the suit was brought before a justice of the peace not having jurisdiction thereof, the circuit court shall reverse the judgment of the justice and dismiss the case. If the defendant be the appellant and judgment be rendered for the plaintiff in the original suit for a sum equal to or greater than he recovered before the justice of the peace, ten per cent (10%) damages upon the amount thereof shall be included in such judgment; and similarly, when there has been an appeal from a justice of the peace court to a county court, and any judgment against an appellant shall be rendered

against the principal and his sureties jointly and when there shall be an appeal from the county court to the circuit court and the same shall be affirmed, then, there shall be added five per cent (5%) damages, and judgment shall be rendered against the principal and the sureties on the appeal bond jointly. In all such cases where the amount in controversy exceeds the sum of Fifty Dollars ($50.00), either party shall be entitled to an appeal to the supreme court as in cases originating in the circuit court, and the plaintiff may also appeal to the supreme court in cases where the difference between his demand and the judgment in his favor shall exceed said sum.

**Missouri**

**Mo. Rev. Stat. § 482.365. Small claim judgment not lien on real estate — trial de novo, how perfected — duty of clerk — recognizance required, when — procedure**

1. No judgment of a small claims court shall be a lien on real estate.

2. Any party aggrieved by any final judgment rendered by a small claims court in a small claims proceeding, except a judgment by consent, may have a trial de novo. The right to trial de novo shall be perfected by filing an application for trial de novo with the clerk of the small claims court within ten days after the judgment is rendered. A copy of same shall be mailed by the clerk to the opposing party or his attorney of record or served

upon him as provided by law for the service of notices within fifteen days after the judgment was rendered, but no application for a trial de novo shall stay execution unless and until the applicant, or some person for him, together with one or more solvent sureties to be approved by the small claims court judge, within the time prescribed for filing the application for trial de novo, enter into a recognizance before the small claims court judge, to the adverse party, in a sum sufficient to secure the payment of such judgment and costs, conditioned that the applicant will prosecute his application for trial de novo with due diligence to a decision, and that if on such trial de novo judgment is given against him, he will pay such judgment, and that, if his application for trial de novo is dismissed, he will pay the judgment rendered by the small claims court judge, together with the costs. The trial de novo shall be governed by the practice in trials before circuit judges, except that by agreement of the parties the case may be tried by a jury of not less than six persons. On an application for a trial de novo from a judgment of a small claims court, if the defendant is the applicant, the plaintiff shall not be required to give security for costs. Costs shall be assessed as in other cases heard in circuit court. Notwithstanding any other provisions of law to the contrary, if the defendant applies for a trial de novo pursuant to this section,

the plaintiff shall be allowed to amend the petition to state a claim which is within the jurisdictional limit of the circuit court.

…

**New Mexico**

**N.M. Stat. Ann. § 35-3-3. Jurisdiction; civil actions**

A. Magistrates have jurisdiction in civil actions in which the debt or sum claimed does not exceed ten thousand dollars ($10,000), exclusive of interest and costs.

B. Except as provided in Subsection C of this section, civil jurisdiction extends to actions in contract, quasi-contract and tort and where expressly conferred by law.

C. A magistrate has no jurisdiction in a civil action:

(1) for malicious prosecution, libel or slander;

(2) against public officers for misconduct in office;

(3) for specific performance of contracts for the sale of real property;

(4) in which the title or boundaries of land may be in dispute or drawn into question;

(5) affecting domestic relations, including divorce, annulment or separation or custody, support, guardianship, adoption or dependency of children;

(6) to grant writs of injunction, habeas corpus or extraordinary writs; or

(7) where jurisdiction is vested exclusively in another court.

### N.M. Stat. Ann. § 35-13-1. Appeals; right of appeal

Any party aggrieved by any judgment rendered or final order issued by the magistrate court in any civil action or special statutory proceeding, or the defendant aggrieved by any judgment rendered or final order issued by the magistrate court in any criminal action, may appeal to the district court within fifteen days after judgment is rendered or the final order is issued in the magistrate court.

### N.M. Stat. Ann. § 35-13-2. Appeals; district court proceedings; docket fees; judgment

A. Appeals from the magistrate courts shall be tried de novo in the district court.

…

### N.M. R. App. P. 1-072. Appeal from magistrate courts in trial de novo cases

**A. Right of Appeal.** A party who is aggrieved by the judgment or final order in a civil action in the magistrate or metropolitan court may appeal, as permitted by law, to the district court of the county within which the magistrate or metropolitan court is located. The notice of appeal shall be filed in the district court within fifteen (15) days after the judgment or final order appealed from is filed in the magistrate or metropolitan court clerk's office. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten (10) days after the date on which the first notice of appeal was served or within the time otherwise prescribed by this rule, whichever period expires last. The three (3)-day mailing period set forth in Rule 1-006 NMRA does not apply to the time limits set forth above. A notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the magistrate or metropolitan court clerk's office, shall be treated as timely filed. Notwithstanding any other provision of this rule, no docket fee or other cost shall be imposed

against the state, its political subdivisions, or the nonprofit corporations authorized to be formed under the Educational Assistance Act, NMSA 1978, Section 21-21A-5 in any such appeal.

…

**F. Jury Trial.** Any party may demand a jury trial by filing a demand and paying the jury fees as provided by Rule 1-038 NMRA. A demand for jury trial shall be filed at the time the notice of appeal is filed in the district court, but no later than:

(1) thirty (30) days after service of the notice of appeal on each party to the action; or

(2) ten (10) days after the last pleading is filed, if additional pleadings are filed under Paragraph I of this rule.

**G. Record on Appeal.** Within fifteen (15) days after the appellant files a copy of the notice of appeal with the magistrate or metropolitan court under Paragraph B of this rule, the magistrate or metropolitan court shall file with the clerk of the district court the record on appeal taken in the action in the magistrate or metropolitan court. For purposes of this rule, the record on appeal shall consist of:

(1) a title page containing the caption of the case in the magistrate or metropolitan court and the names and mailing addresses of each party or, if the party is represented by counsel, the name and address of the attorney;

(2) a copy of all papers and pleadings filed in the magistrate or metropolitan court;

(3) a copy of the judgment or order sought to be reviewed with date of filing noted thereon;

(4) any exhibits; and

(5) any transcript of the proceedings made by the magistrate or metropolitan court, either stenographically recorded or audio recorded. If the transcript of the proceedings is an audio recording, the magistrate or metropolitan court shall prepare and file with the district court a duplicate of the audio recording and an index log.

Any party desiring a copy of the transcript of the proceedings shall be responsible for paying the cost, if any, of preparing the copy.

The magistrate or metropolitan court clerk shall give prompt notice to all parties of the filing of the record on appeal with the district court.

**H. Correction or Modification of the Record.** If anything material to either party is omitted from the record on appeal by error or accident, the parties by stipulation, or the magistrate or metropolitan court on motion, or the district court, on proper suggestion or on its own initiative, may direct that the omission be corrected and a supplemental record sent to the district court.

**I. Pleadings.** The complaint and other pleadings filed in the magistrate or metropolitan court shall be the complaint and pleadings in the district court. An amended complaint may be filed within thirty (30) days after service of the notice of appeal. An amended complaint shall be served in the manner provided by Rule 1-004 NMRA of these rules. If an amended complaint is filed, a responsive pleading shall be filed within thirty (30) days and served as provided by these rules.

**J. Procedure on Appeal.** Unless otherwise provided by this rule, all other Rules of Civil Procedure for the District Courts shall apply to appeals from the magistrate or metropolitan court.

…

**North Carolina**

**N.C. Gen. Stat. § 7A-211. Small claim actions assignable to magistrates**

In the interest of speedy and convenient determination, the chief district judge may, in his or her discretion, by specific order or general rule, assign to any magistrate of the district any small claim action pending in the district if the defendant is a resident of the county in which the magistrate was appointed. If there is more than one defendant, at least one of them must be a bona fide resident of the county in which the magistrate was appointed.

**N.C. Gen. Stat. § 7A-228. New trial before magistrate; appeal for trial de novo; how appeal perfected; oral notice; dismissal**

(a) The chief district court judge may authorize magistrates to hear motions to set aside an order or judgment pursuant to G.S. 1A-1, Rule 60(b)(1) and order a new trial before a magistrate. The exercise of the authority of the chief district court judge in allowing magistrates to hear Rule 60(b)(1) motions shall not be construed to limit the authority of the district court to hear motions pursuant to Rule 60(b)(1) through (6) of the Rules of Civil Procedure for relief from a judgment or order entered by a magistrate and, if granted, to order a new trial before a magistrate. After final disposition before the magistrate, the sole remedy for an aggrieved party is appeal for trial de novo

before a district court judge or a jury. Notice of appeal may be given orally in open court upon announcement or after a judgment is rendered. If not announced in open court, written notice of appeal must be filed in the office of the clerk of superior court within 10 days after a judgment is rendered. The appeal must be perfected in the manner set out in subsection (b). Upon announcement of the appeal in open court or upon receipt of the written notice of appeal, the appeal shall be noted upon the judgment. If the judgment was mailed to the parties, then the time computations for appeal of such judgment shall be pursuant to G.S. 1A-1, Rule 6.

…

## Pennsylvania

### 42 Pa. Cons. Stat. § 1515. Jurisdiction and venue

(a) Jurisdiction.--Except as otherwise prescribed by general rule adopted pursuant to section 503 (relating to reassignment of matters), magisterial district judges shall, under procedures prescribed by general rule, have jurisdiction of all of the following matters:

…

- Add. 36 -

(3) Civil claims, except claims against a Commonwealth party as defined by section 8501 (relating to definitions), wherein the sum demanded does not exceed $12,000, exclusive of interest and costs, in the following classes of actions:

(i) In assumpsit, except cases of real contract where the title to real estate may be in question.

(ii) In trespass, including all forms of trespass and trespass on the case.

(iii) For fines and penalties by any government agency.

A plaintiff may waive a portion of his claim of more than $12,000 so as to bring the matter within the monetary jurisdiction of a magisterial district judge. Such waiver shall be revoked automatically if the defendant appeals the final order of the magisterial district judge or when the judgment is set aside upon certiorari.

…

**246 Pa. Code R. 1007. Procedure on Appeal**

A. The proceeding on appeal shall be conducted *de novo* in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

…

**Rhode Island**

### 10 R.I. Gen. Laws § 10-16-1. Actions subject to chapter

In all ex contractu civil actions and in any action to recover the amount of any tax for money only not in excess of five thousand dollars ($5,000) exclusive of interest and costs, and in all actions or suits to recover damages resulting from a retail sale of tangible personal property to a member of the general public or from services rendered to a member of the general public in which the plaintiff seeks to recover an amount of money only not in excess of five thousand dollars ($5,000) exclusive of interest and costs, and in all actions or suits based upon a negotiable instrument involving an amount of money only not in excess of five thousand dollars ($5,000) exclusive of interest and costs, the procedure shall, at the plaintiff's election, shown by his or her waiver of appeal, be as provided by this chapter.

### 9 R.I. Gen. Laws § 9-12-10. Claim of appeal of superior court

Except as otherwise provided, in all civil cases in the district court, any party may cause the case to be removed for trial on all questions of law and fact to the superior court for the county in which division the suit is pending by claiming an appeal from the judgment of the district court, in writing,

filed with the clerk of the division within two (2) days, exclusive of Saturdays, Sundays, and legal holidays, after the judgment is entered; provided, that the party claiming the appeal, at the time of claiming the appeal, shall pay to the clerk all costs, including an attorney's fee of fifty dollars ($50.00), for the party or parties adversely interested in the judgment, to be paid by the clerk to the attorney for the adverse party. The attorney's fee of fifty dollars ($50.00) shall be divided equally among the attorneys for the parties adversely interested when more than one adverse party is involved; and provided, further, that costs shall not be taxed, exclusive of the attorney's fee, at a sum not less than twenty-five dollars ($25.00), in addition to a technology surcharge assessed in accordance with § 8-15-11.

### 10 R.I. Gen. Laws § 10-16-14. Appeals by defendant

(a) The defendant, if aggrieved by the decision of the district court in a cause brought under the provisions of this chapter, shall have the same right of appeal, and under the same terms and conditions, as are provided under the practice in ordinary civil actions in district courts.

(b) Notwithstanding the foregoing, in cases in which the plaintiff is the purchaser of a consumer product seeking to recover damages against the seller and/or manufacturer of that product, if the defendant is defaulted for

failure to answer and defend the claim, the judgment of the district court shall be final. In such event, the defendant shall be deemed to have forfeited all rights to appeal and shall not be entitled to a trial de novo in superior court.

**Tennessee**

**Tenn. Code Ann. § 27-5-108. Appeal from general sessions court**

(a)    (1) Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter.

(2) In civil cases, if one (1) or more of the parties before the general sessions court, on one (1) or more warrants, perfects an appeal of a decision of the general sessions court to the circuit court, as provided in this section, then cross appeals and separate appeals are not required, and upon the filing of a notice of appeal by any party, issues may be brought up for review by any party.

(b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to

the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee.

(c) Any appeal shall be heard de novo in the circuit court.

(d)　(1) Except as provided in subdivision (d)(2), if no appeal is taken within the time provided, then execution may issue.

(2) For a writ of possession, if no appeal is taken within the time provided, then execution shall issue by operation of law.

**Texas**

### Tex. Government Code Ann. § 27.031. Jurisdiction

(a) In addition to the jurisdiction and powers provided by the constitution and other law, the justice court has original jurisdiction of:

(1) civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $20,000, exclusive of interest;

(2) cases of forcible entry and detainer; and

(3) foreclosure of mortgages and enforcement of liens on personal property in cases in which the amount in controversy is otherwise within the justice court's jurisdiction.

(b) A justice court does not have jurisdiction of:

    (1) a suit in behalf of the state to recover a penalty, forfeiture, or escheat;

    (2) a suit for divorce;

    (3) a suit to recover damages for slander or defamation of character;

    (4) a suit for trial of title to land; or

    (5) a suit for the enforcement of a lien on land.

(c) A justice court has concurrent jurisdiction with a municipal court in cases that arise in the municipality's extraterritorial jurisdiction and that arise under an ordinance of the municipality applicable to the extraterritorial jurisdiction under Section 216.902, Local Government Code.

(d) A corporation need not be represented by an attorney in justice court.

(e) A justice court has concurrent jurisdiction with a district court and a municipal court of record over expunction proceedings relating to the arrest of a person for an offense punishable by fine only.

**Tex. R. Civ. P. 506.3. Trial De Novo**

The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial.

**Utah**

**Utah Code Ann. § 78A-8-106 (West). Appeals--Who may take and jurisdiction**

(1) Either party may appeal the judgment in a small claims action to the district court of the county by filing a notice of appeal in the original trial court within 28 days of entry of the judgment. If the judgment in a small claims action is entered by a judge or judge pro tempore of the district court, the notice of appeal shall be filed with the district court.

(2) The appeal is a trial de novo and shall be tried in accordance with the procedures of small claims actions. A record of the trial shall be maintained. The trial de novo may not be heard by a judge pro tempore appointed under Section 78A-8-108. The decision of the trial de novo may not be appealed unless the court rules on the constitutionality of a statute or ordinance.

**Utah R. Small Cl. P 12. Appeals**

(a) Any party may appeal a final order or judgment within 28 calendar days after entry of judgment or order or after denial of a motion to set aside the judgment or order, whichever is later. If a party appeals the judgment in a small claims action that was tried without a jury and any party meets the requirements of Utah Rules of Civil Procedure Rule 38(b), the trial de novo in the district court shall be by a jury in accordance with Utah Rules of Civil Procedure Rules 38, 39, 47, 48, 49, 50, 51 and 52.

…

**Virginia**

**Va. Code Ann. § 16.1-122.7. Appeals**

Appeals from the small claims court shall be as in other cases from the general district court.

**Va. Code Ann. § 16.1-106. Appeals from courts not of record in civil cases**

A. From any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than $20, exclusive of interest, any attorney fees contracted for in the instrument, and costs, or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal

corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (§ 2.2-3700 et seq.), or of a protective order pursuant to § 19.2-152.10, or of an action filed by a condominium unit owners' association or unit owner pursuant to § 55.1-1959, or of an action filed by a property owners' association or lot owner pursuant to § 55.1-1819, or from any order entered or judgment rendered in a general district court that alters, amends, overturns, or vacates any prior final order, there shall be an appeal of right, if taken within 10 days after such order or judgment, to a court of record. Such appeal shall be to a court of record having jurisdiction within the territory of the court from which the appeal is taken and shall be heard de novo.

…

**Va. R. Cir. Ct. Small Cl., Judgment is Entered**

At the end of the case, the judge will enter judgment for either the plaintiff or the defendant. If judgment is for the plaintiff, it may be the result sought by the plaintiff, or it may be less. The plaintiff has the burden of proof, which means he or she must not only prove that he or she is entitled to win the case, but also must prove the amount due. If a party wishes to appeal the judgment and the amount in dispute exceeds $20, the party may

file an appeal of the case to the circuit court for a new trial. The case will be heard de novo (as a completely new case). Notice of the appeal must be filed in the general district court where the case was heard within ten days after the judgment is entered. District Court Form DC-475, Civil Appeal Notice, which is used for filing an appeal, can be obtained from the general district court clerk's office. If an appeal is filed, the judge will set an appeal bond. Within thirty days after judgment is entered, an appealing party must perfect the appeal by posting the required bond with the clerk of the court. The appeal will be tried in circuit court in a formal manner strictly following all of the rules of evidence and procedure. Often, lawyers represent the parties. In circuit court, a jury may be requested if the claim exceeds $20.

**West Virginia**

> **W. Va. Code § 50-5-12. Appeals in civil cases**
>
> …
>
> (b) In the case of an appeal of a civil action tried before a jury, the hearing on the appeal before the circuit court shall be a hearing on the record. In the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury.

…

**Wisconsin**

**Wis. Stat. § 799.207. Proceedings before circuit court commissioner**

(1)    (a) Any circuit court commissioner assigned to assist in small claims matters may hold a conference with the parties or their attorneys or both on the return date, examine pleadings and identify issues.

(b) Except as provided in par. (e), a decision shall be rendered by the circuit court commissioner on the return date if there is time available for a hearing, the parties do not intend to call witnesses, and the parties agree to such a hearing. If for any of the reasons stated in this paragraph, the matter cannot be heard on the return date, an adjourned date shall be set.

(c) The proceedings shall be conducted as provided in s. 799.209.

(d) A record of the proceeding shall be made and shall be limited to the time and location of the hearing, the parties, witnesses and attorneys present and the decision.

(e) If the circuit court commissioner cannot reach a decision on the return or adjourned date, the commissioner shall mail the decision to each party within 30 days of the date of the hearing.

(2) The circuit court commissioner's decision shall become a judgment 11 days after rendering, if oral, and 16 days after mailing, if written, except that:

(a) Default judgments will have immediate effect.

(b) Either party may file a demand for trial within 10 days from the date of an oral decision or 15 days from the date of mailing of a written decision to prevent the entry of the judgment.

(3)    (a) There is an absolute right to have the matter heard before the court if the requirements of this section are complied with.

(b) The circuit court commissioner shall give each of the parties a form and instructions which shall be used for giving notice of an election to have the matter heard by the court.

(c) The demand for trial must be filed with the court and mailed to the other parties within 10 days from the date of an oral decision or 15 days from the date of mailing of a written decision. Mailing of the notice and proof of such mailing is the responsibility of the party seeking review.

(d) Notice of a demand for trial may also be given in writing and filed by either of the parties at the time of an oral decision.

(4) Following the timely filing of a demand for trial, the court shall mail a trial date to all of the parties.

(5) A timely filing of a demand for trial shall result in a new trial before the court on all issues between the parties.